IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GARY MONTGOMERY**                                                 **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO: 2:14cv54-DPJ-FKB**

**CITY OF LUMBERTON; LAMAR COUNTY;**           **DEFENDANTS**
**DANNY RIGEL, in his official capacity as**
**Lamar County Sheriff; and**
**JOHN DOES 1-5**

                                                          **JURY TRIAL DEMANDED**

## AMENDED COMPLAINT

COMES NOW PLAINTIFF by and through undersigned counsel and pursuant to the laws of the State of Mississippi and files this Complaint against Defendants City of Lumberton, Lamar County Sheriff's Department, and Lamar County and in support thereof would show unto the Court the following, to wit:

### I.   PARTIES

1. Plaintiff, Gary Montgomery is an adult resident citizen of Lamar County Mississippi who may be contacted through undersigned counsel.

2. Defendant City of Lumberton is a governmental entity organized and authorized by the laws of the State of Mississippi who may served with process through City of Lumberton, c/o Marlene Wall, Lumberton City Clerk, 102 East Main Street, Lumberton, Mississippi 39455.

3. Defendant Sheriff Danny Rigel is the chief law enforcement officer of Lamar County, Mississippi responsible for the actions of his law enforcement officers and is sued in his official capacity only and may be served with process at 205 Main Street, Purvis, Mississippi 39475.

4.       Defendant Lamar County is a governmental entity organized and authorized by the laws of the State of Mississippi who may served with process through Wayne Smith, Lamar County Chancery Clerk at 403 Main Street, Purvis, Mississippi 39475.

5.       Defendants designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed parties who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, tortfeasors, joint tortfeasors, contractors, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiff for the claims asserted herein. Plaintiff will amend his Complaint once the identities of the unknown Defendants are learned.

## II.       JURISDICTION AND VENUE

6.       Venue is proper because the present action has been commenced where at least one of the individual defendants reside and/or where the acts and omission complained of occurred.

7.       On or about September 10, 2013 the Plaintiff, by and through Counsel, caused to be served by personal service to the Defendants a notice of claim pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. 11-46-11. (**Exhibit A**, Notice of Claim). Defendants have denied these claims and this matter is now ripe. (**Exhibit B**, Letter Denying Claims of November 1, 2013).

8.       This action is authorized under 42 U.S.C. 1983 and made pursuant to the fourth and fourteenth amendments to the United States Constitution, 42 U.S.C. 1985 and 42 U.S.C. 1981.

## III.       FACTUAL ALLEGATIONS

9.       On or about June 21, 2013, Montgomery got his hair cut at a local barber, not far from his home in Lumberton, Mississippi.

10. After getting his hair cut, Montgomery headed home. Montgomery was pulled over at the entrance to his home by Lumberton police officers. The officers alleged that Montgomery did not have his lights on as their "probable cause."

11. This allegation by the officers was wholly fabricated because Montgomery's vehicle has driving lights which are on at all times, in addition to automatic lights which are activated by the car once it becomes dark outside. Montgomery's lights were on and visible to the officers.

12. After being pulled over, the officers approached Montgomery's car and claimed to smell alcohol. Montgomery explained that while adjusting his seat the other day, a beer can (left by a third party) that was on the back floorboard had burst under the seat and spilled all over the carpet, causing the odor.

13. Montgomery was then placed under arrest on suspicion of DUI but was not given any test, breath or field sobriety.

14. At this time Montgomery informed the officer of his many medical problems including cancer, vitamin D deficiency, osteoporosis, hypertension, and others, for which Montgomery took numerous medications. Montgomery, being in his own driveway, requested that the officer allow him to go in his house and take his medication, but the officer refused, ignored Montgomery's medical condition, handcuffed Montgomery and placed Montgomery in the squad car.

15. Montgomery was then taken to the Lamar County Jail where he was booked on suspicion of DUI. At no point was Montgomery ever given a field sobriety test, blood test, or a breathalyzer test.

16. Upon arrival at the jail, Montgomery informed the staff of his many ailments and medical conditions. The jail staff responded that men don't get osteoporosis, and that only women can have osteoporosis.

17. Montgomery also informed the staff that his legs swell and must be placed in special sleeves in order to drain them each day. Montgomery's words fell on deaf ears and his medical condition was ignored with deliberate indifference.

18. When Montgomery was brought into the jail, he was instructed to change into a Lamar County jumpsuit. At this point Montgomery was having difficulty functioning because he had not been given his medication and his legs were swollen. Montgomery tried to comply and change into the jumpsuit, but he was unable to comply because of his medical condition.

19. Apparently, the jailer became upset with Montgomery's failure to change quickly enough into the jumpsuit. The jailer[1] entered the holding area and began yelling at Montgomery. The jailer then forcefully and with reckless indifference undressed Montgomery, and in the process broke Montgomery's shoulder. At no point during this event, was Montgomery belligerent, resisting, argumentative, difficult or refusing to comply.

20. Montgomery screamed in pain, but was ignored by jail staff. Montgomery was then left in the holding area, half naked, laying on the floor. At some point during this torturous exchange, the jailer even managed to slam the cell door on Montgomery, causing further pain and injury to Montgomery's person.

21. Montgomery was then ordered to be shackled. Due to the swelling of Montgomery's legs, the shackles would not fit Montgomery's legs, although one staff member tried to force them closed, further injuring Montgomery. Another jail staffer attempted to close the shackles, but

---

[1] Upon information and belief, "Lawrence."

realized the problem and chose not to close the shackles. The entire experience with the shackles caused even more pain and anguish to Montgomery. Montgomery's medical needs were extremely obvious at this point.

22. Despite these obvious needs for medical treatment, Montgomery was held overnight and finally booked and released on bond the next morning, June 22, 2013. Montgomery, completely drained and exhausted from the ordeal, went home to drain his legs of the fluid which the Defendants refused to allow Montgomery to treat. Montgomery also took his much needed medication.

23. Montgomery then went to Forrest General Hospital, where it was confirmed that his shoulder was indeed broken. Treatment is still ongoing, but doctors have suggested that the trauma may have caused Montgomery's cancer to move into the shoulder. Investigation and treatment is ongoing.

## IV.    ALLEGATIONS OF LAW

24. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

25. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and the City of Hattiesburg.

26. The jailer, acting in his official capacity as an officer with the Lamar County Sheriff's Department, is an official capable of ratification and establishing the policy and custom of Defendants.

27. It is the custom and policy of all Defendants to violate the procedural and substantive due process rights of individuals.

28.     The City and its police department have a history of harassing people in and around this area of Lumberton. It is the policy and custom of the Defendants to, in violation of Plaintiff's rights, unlawfully harass and interfere with Plaintiff's rights.

29.     It is the custom and policy of all Defendants to violate the search and seizure rights of citizens in and around the area of Lumberton where the unlawful search and seizure of Plaintiff occurred.

30.     It is the policy and practice of the Defendants to violate the civil rights of in and around the area of Lumberton where the unlawful search and seizure occurred.

31.     It is the policy and custom of Defendants to falsely arrest and maliciously prosecute citizens in the area of Lumberton where the unlawful arrest occurred.

32.     Defendants did not have reasonable suspicion and/or probable cause to search and seize the property and person of Gary Montgomery on June 21, 2013.

33.     Defendants did not follow their own policy or procedure in searching, arresting, booking, and holding Plaintiff.

34.     Defendants failed to train and/or supervise their subordinates to prevent the actions described herein.

35.     Defendants' actions were in bad faith and were intended and designed to punish Plaintiff.

36.     At all times relevant to this action, Plaintiff's rights were clearly established. At all times relevant to this action, Defendants violated Plaintiff's constitutional rights.

37.     Defendants' actions evidence malice and/or constitute willful misconduct.

38.     As a result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, loss of reputation and had his liberty and privacy interests severely impacted.

## V.     COUNT I IN VIOLATION OF 42 U.S.C. 1983
**Fourth Amendment/Fourteenth Amendment – Unlawful Seizure**

39.    Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

40.    The unlawful actions of the Defendants, as alleged herein, constituted an intrusion into Plaintiff's right to be free from an unlawful seizure of their person.

41.    Defendants had an affirmative duty to prevent such intrusions.

42.    Defendants, acting without authority, knowingly conducted an illegal search of the property, creating alleged exigent circumstances, and resulting in Plaintiff's unlawful seizure and incarceration.

43.    Defendants, acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the rights of the Plaintiff, unlawfully stopped and searched the subject property, despite no officer witnessing any illegal activity, and despite lacking any reasonable suspicion or probable cause.

44.    Plaintiff has an established constitutional right to be free from an unlawful search, seizure and confinement.

45.    As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

   WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## VI.    COUNT II IN VIOLATION OF 42 U.S.C. 1983
**Fourth Amendment/Fourteenth Amendment – Unlawful Search**

46.    Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

47. The unlawful actions of Defendants, as alleged herein, deprived Plaintiff of his rights to be free from an unlawful search.

48. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendment, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## VII.  COUNT III IN VIOLATION OF 42 U.S.C. 1983
### Fourth Amendment/Fourteenth Amendment – False Imprisonment

49. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

50. The unlawful actions of Defendants, as alleged herein, deprived Plaintiff of his rights against false imprisonment.

51. Defendants recklessly, knowingly, intentionally, willfully and wantonly arrested and imprisoned Plaintiff with the understanding that the search giving rise to the charge was unconstitutional.

52. No reasonable officer in Defendants' position, with the information each had in his or her possession when seeking the search and arrest of Plaintiff, would have found that the stop was constitutional.

53. Based on the acts described herein, the process by which Plaintiff was wrongfully searched, arrested and confined was so wholly lacking in the concept of justice in a civilized society, that Plaintiff was never actually provided legal process and, therefore, were falsely imprisoned by Defendants.

54. Defendants City of Lumberton, Lamar County, and Lamar County Sheriff's Department, as supervisors of Defendants, respectively, recklessly, knowingly, intentionally, willfully and

wantonly, participated in, knew of, condoned and/or approved the wrongful acts of Defendants described herein, with the intent and understanding to bring about Plaintiff's unconstitutional arrests, search, and confinement.

55. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourth and Fourteenth Amendments, were injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## VIII.   COUNT V IN VIOLATION OF 42 U.S.C. 1983
### Excessive Force in Violation of the Fourteenth Amendment and Plaintiff's right to bodily integrity

56. Plaintiff incorporates by reference each of the preceding paragraphs as though fully restated herein.

57. On June 21, 2013 the Defendants used excessive force upon the Plaintiff during an unlawful confinement, and violated Plaintiff's right to bodily integrity.

58. Specifically, but not inclusively:
    a. Plaintiff's shoulder was broken when the jailer attempted to forcefully change Montgomery into a jumpsuit; and
    b. The cell door was slammed on Plaintiff.

59. Plaintiff has a constitutional right to bodily integrity and to be free from the use of excessive force and outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

60. Plaintiff has a right to be free from the use of deprivation of life and liberty without due process of law.

61. Plaintiff's rights were clearly established and violated by the Defendants' actions as described herein.

## IX. COUNT VI IN VIOLATION OF 42 U.S.C. 1983
### Deliberate Indifference to Serious Medical Needs
### in Violation of the Fourteenth Amendment

62. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

63. When Montgomery was initially pulled over and detained, he immediately informed officers about his medical conditions and requested that he be allowed treatment. The officer, without any inquiry, unreasonably and with reckless disregard refused Montgomery's request

64. Upon arrival at the Lamar County Jail, Montgomery informed the jail staff about his numerous medical conditions. Instead of allowing any treatment, the staff mocked Montgomery's condition, namely that he had osteoporosis as a "woman's condition".

65. At some point during the incarceration, Montgomery's shoulder was broken by jail staff. Despite Montgomery's screams in pain, and obvious signs of distress, the jail staff ignored Montgomery's condition and exhibited deliberate indifference to his plight.

66. Despite knowledge of Montgomery's conditions and needs, the Defendants were deliberately indifferent and acted with callous / reckless disregard for those needs in ignoring and refusing to provide the necessary care and treatment.

## X. COUNT VI IN VIOLATION OF 42 U.S.C. 1985

67. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

68. Defendants conspired to deprive Plaintiff of his Constitutional rights through continued harassment, the use of force, and through the unlawful search and seizures.

69. A meeting of the minds occurred when Defendants chose to conduct the unlawful search and seizure on Plaintiff.

70. Defendants knew full and well that the actors committing the harassment and stop would continue to do so, evidencing Defendants' conspiracy to deprive Plaintiff of his Constitutional rights.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## XI.    COUNT VII IN VIOLATION OF 42 U.S.C. 1983
### State Law Claims

71. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

72. Plaintiff served the Defendants with notice of this action pursuant to the Mississippi Tort Claims Act and more than ninety (90) days have passed since its service. (**Exhibit A**, Notice of Claim). Defendants have denied Plaintiff's claims to relief.

73. The actions of all Defendants named and described *supra* constitute the torts of negligence, gross negligence, trespass, excessive force, assault, battery, defamation, negligent training, negligent supervision, malicious prosecution, harassment, conspiracy, outrage, failure to provide medical treatment, and false imprisonment.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction over this action;

2. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments to the United States Constitution

3. Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4. Award Plaintiff nominal and actual damages for Defendants violation of their constitutional and statutory rights;

5. Awards Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6. Punitive damages for all claims allowed by law in an amount to be determined at trial;

7. Pre-judgment and post-judgment interest at the highest lawful rate;

8. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.; and

9. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 12th day of May, 2014.

          **GARY MONTGOMERY**
          PLAINTIFF

          _/s/ Daniel M. Waide_____
          DANIEL M. WAIDE, MSB #103543

DANIEL M. WAIDE, MSB #103543
SAMUEL S. MCHARD, MSB #100295
MCHARD & ASSOCIATES, PLLC
15 MILBRANCH RD.
HATTIESBURG, MS 39402
T: 601.450.1715; F: 601.450.1719
dwaide@mchardlaw.com

## **CERTIFICATE OF SERVICE**

I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      This the 12th day of May, 2014.

                              ___/s/ Daniel M. Waide_____
                              DANIEL M. WAIDE, MSB #103543

SAMUEL S. McHARD, MSB #100295
DANIEL M WAIDE, MSB #103543
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715; F: 601-450-1719
smchard@mchardlaw.com
dwaide@mchardlaw.com